WILSON, Circuit Judge,
dissenting:
At its most fundamental level, the Due Process Clause guarantees an aggrieved party notice and “the opportunity to present his case and have its merits fairly judged.” See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 433, 102 S.Ct. 1148, 1153, 1156, 71 L.Ed.2d 265 (1982). The defendants have no doubt been provided notice and some degree of opportunity to be heard in court, but like Judge Tjoflat, I am not content that the use of the Engle *1315 jury’s highly generalized findings in other forums meets “the minimum procedural requirements of the ... Due Process Clause in order to qualify for ... full faith and credit.” See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481, 102 S.Ct. 1888, 1897-98, 72 L.Ed.2d 262 (1982). Because such a violation requires remand, I see no need to determine whether the Engle findings are preempted by federal law.